# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DARREN PASCHAL, | : | Case No. 3:18-cv-93 |
| | : | |
| Plaintiff, | : | Judge Thomas M. Rose |
| | : | |
| v. | : | |
| | : | |
| FLORIDA DEPARTMENT OF REVENUE, et al., | : | |
| | : | |
| Defendants. | : | |

**ENTRY AND ORDER GRANTING DEFENDANT'S MOTION TO TRANSFER VENUE (DOC. 8) TO THE MIDDLE DISTRICT OF FLORIDA, STAYING ACTION FOR 30 DAYS FROM ENTRY OF THIS ORDER AND TERMINATING CASE ON THIS COURT'S DOCKET**

This case is before the Court on the Motion to Transfer Venue (Doc. 8) filed by Defendant Florida Department of Revenue ("FDOR"). FDOR requests transfer of this action to the United States District Court for the Middle District of Florida and that the action be stayed for thirty (30) days from the date the Court enters its ruling. Plaintiff Darren Paschal, who is proceeding *pro se*, filed a Response (Doc. 10) in opposition to the Motion to Transfer Venue. FDOR declined to file a Reply. This matter is now ripe for review. As discussed below, the Middle District of Florida is the more convenient forum for this action under 28 U.S.C. § 1404(a). The Court therefore **GRANTS** the Motion to Transfer Venue and **STAYS** this action for 30 days from entry of this Order. Upon transfer, the Clerk shall **TERMINATE** this action on this Court's docket.

I.   **BACKGROUND**

On March 23, 2018, Plaintiff filed the Complaint against FDOR, Brevard County Courts and Clerk, Brevard County Legal Aid and other named individuals for some dissatisfaction with a child support order entered in Brevard County, Florida. Plaintiff appears to challenge FDOR's authority to enter and enforce child support orders. On August 8, 2018, FDOR was served with the Complaint in Tallahassee, Florida.

II.   **ANALYSIS**

28 U.S.C. § 1404(a) provides "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Courts must engage in a two-step analysis under § 1404(a) and determine (1) whether the action could have been brought in the proposed transferee court, and (2) whether considering all relevant factors, the balance of convenience and the interest of justice "strongly" favors transfer. *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 850 (S.D. Ohio 2007). The movant has the burden to establish that the proposed forum is more convenient than the plaintiff's chosen forum. *In Re Ricoh Corp.*, 870 F.2d 570, 579 (11th Cir. 1989).

The six relevant factors used in determining whether transfer is appropriate include: (1) convenience of the parties; (2) convenience of the witnesses; (3) the relative ease of accesses to sources of proof; (4) the availability of process to secure the presence of unwilling witnesses; (5) the cost of obtaining the presence of witness; and (6) the public interest. *Stateline Power Corp. v. Kremer*, 404 F. Supp. 2d 1373 (S.D. Fla. 2005). "Even in

cases where venue is proper, a court may entertain a motion to transfer if there exists a better forum for the resolution of the dispute between the parties." *SKY Technology Partners v. Midwest Research Institute*, 125 F. Supp. 2d 286, 290–91 (S.D. Ohio 2000) (citing *Martin v. Stokes*, 623 F.2d 469, 474 (6th Cir.1980)).

The threshold consideration is whether this action could have been brought in the Middle District of Florida. FDOR has demonstrated that it could have. Under 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." All Defendants are located in the Middle District of Florida. Thus, this action could have been brought in that district under § 1391(b)(1).

The next question is whether, considering all relevant factors, the balance of convenience and the interest of justice strongly favors transfer. In this case, they do. As mentioned, all of the Defendants reside not only in the State of Florida, but in the Middle District of Florida. Additionally, based on the Complaint's allegations, all of the events giving rise to Plaintiff's claims appear to have occurred in Brevard County, Florida. Consequently, all or nearly all of the evidence relevant to Plaintiff's claims is likely to be located in the Middle District of Florida. The only outlier is Plaintiff, who resides in Dayton, Ohio and chose the Southern District of Ohio as the venue for his lawsuit.

3

While a court should give considerable weight to where a plaintiff chooses to bring suit, that choice is not dispositive, especially where all of the other relevant factors strongly favor the transferee court. The administration of justice would suffer if this lawsuit were tried so far from the locus of the activity underlying Plaintiff's claims. The delays and costs to the parties, both Plaintiff and Defendants, cannot be justified. It is also in the public interest that a lawsuit challenging the authority of a state agency and individuals involved in the state's adjudication of domestic relations issues be tried in that state. *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 165 (S.D. Ohio 2012) (public interest in administration of justice must be considered).

### III.  CONCLUSION

For the reasons above, the Court **GRANTS** the Motion to Transfer (Doc. 8) and hereby **TRANSFERS** this action to the Middle District of Florida for further proceedings. In addition, in order to enable the parties time to retain Florida counsel and prepare to move forward in the Middle District of Florida, the Court **STAYS** this action for 30 days from the entry of this Order. Upon transfer, this case shall be **TERMINATED** on this Court's docket.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, November 5, 2018.

                                            s/Thomas M. Rose

                                            _____
                                            THOMAS M. ROSE
                                           UNITED STATES DISTRICT JUDGE