UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARREN PASCHAL,

    Plaintiff,

v.                                                      Case No:   6:18-cv-1903-Orl-37TBS

FLORIDA DEPARTMENT OF REVENUE,

    Defendant.
_____

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for Permission to Appeal In Forma Pauperis and Affidavit (Doc. 46). Upon due consideration, I respectfully recommend that the motion be **DENIED**.

### Background

Plaintiff, proceeding *pro se*, filed this action in the United States District Court for the Southern District of Ohio, alleging violations of the Fourth, Fifth, Seventh, and Eighth Amendments against Defendants in relation to garnishments of Plaintiff's Veteran's Affairs benefits to satisfy a child support obligation (Doc. 2). The docket reflects that the filing fee was paid (Doc. 1). On July 26, 2018, Magistrate Judge Michael J. Newman issued Plaintiff an order to show cause why the case should not be dismissed without prejudice for failure to timely serve Defendants pursuant to Federal Rule of Civil Procedure 4(m) (Doc. 4). Plaintiff responded, indicating that once he became aware that service was not completed, he attempted to complete service but "could only afford to resubmit and serve one summons" and that was to the Florida Department of Revenue ("FDOR") (Doc. 6).

FDOR appeared, moved to transfer the action to this Court, and the Ohio court obliged (Doc. 8,11). Shortly after transfer, FDOR moved to dismiss for failure to state a claim (Doc. 15) and Plaintiff responded (Doc. 22).

With the service issue still outstanding, this Court issued its own order to show cause why the case should not be dismissed without prejudice as to all Defendants who had not been served pursuant to Rule 4(m) (Doc. 32). Plaintiff responded, contending that the second order to show cause was "totally unwarranted" and that it would be "humanly impossible" to satisfy the order at this point (Doc. 35, pp. 2-3). Plaintiff included in his response a Notice of Pending Interlocutory Appeal of the show cause order (re-docketed at Doc. 36). On April 24, 2019, Judge Dalton dismissed the case without prejudice pursuant to Federal Rule of Civil Procedure 4(m) with respect to Defendants Brevard County Courts, Brevard County Legal Aid Inc, George Maxwell, Jennifer Opel-Taylor, Peter Pancoast, Holly Paschal, and Kurt Urlenbach (Doc. 39). The Court also denied the "Notice," to the extent it was intended as a motion to certify an interlocutory appeal. (Id.). That same day, by separate Order, the Court granted the FDOR's motion and dismissed Plaintiff's complaint with prejudice, finding his claims barred by Eleventh Amendment immunity (Doc. 40).

On May 28, 2019, Plaintiff filed an unsigned notice of appeal of the show cause Order (Doc. 42). On June 3, 2019, he filed an unsigned "amendment to appeal," which appears to include the Order on the motion to dismiss (Doc. 44). No filing fee was paid. Now, Plaintiff seeks leave to appeal in forma pauperis.

## Discussion

Title 28 of the United States Code, Section 1915 governs in forma pauperis motions filed in federal court. The statute provides in part that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A litigant's ability to file an appeal without paying court fees is limited by the statutory provision which provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3). "Good faith is demonstrated where an appeal seeks appellate review of any issue not frivolous." Schmitt v. U.S. Office of Pers. Mgmt., No: 8;09-cv-943-T-27EAJ, 2009 WL 3417866 *2 (M.D. Fla. Oct. 19, 2009) (quoting Coppedge v. United States, 369 U.S. 438, 445 (1962)). A frivolous case is one without arguable merit. Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." Id. (inner quotations and citations omitted); see also Bell v. HCR Manor Care Facility of Winter Park, No. 6:10-cv-523-Orl-22KRS, 2010 WL 4096849 *2 (M.D. Fla. Aug. 24, 2010). In addition, "the court shall dismiss the case at any time if the court determines that ... the action or appeal ... seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915 (e)(2)(B)(iii).

Plaintiff's motion is not signed or sworn and thus is not an "affidavit" as required. Plaintiff lists "0" in monthly amounts received from any source whatsoever during the past 12 months and claims no liquid assets, but states that he has expenses, including $1,300 he has spent or will be spending in connection with this lawsuit. Absent an explanation as

to how he subsists and pays the monthly expenses he claims the Court cannot reconcile these representations.

Even if the Plaintiff had tendered an affidavit that demonstrated his poverty, he seeks monetary relief against the FDOR, and the Court has already found it to be immune from such relief. Plaintiff does not assert, and I do not find, any new facts or law that were not previously considered by the Court in arriving at this conclusion. See 28 U.S.C. § 1915 (e)(2)(B)(iii). Consequently, this appeal lacks arguable merit.

To the extent the Order dismissing the non-served Defendants without prejudice is even appealable, Plaintiff still had not served them and did not give the Court any indication that he planned to (Doc. 39 at 3). In his "concerns on appeal" Plaintiff does not assert, and I do not find, any new facts or law that were not previously considered by the Court in arriving at its conclusion that Plaintiff's claims against the unserved Defendants were due to be dismissed for non-compliance with Rule 4(m). Thus, Plaintiff's position that the show cause order "served no judicial purpose and was used as a trap door against the plaintiff" (Doc. 46 at 6) also lacks arguable merit.

## Recommendation

For the reasons stated in the Orders, I find that Plaintiff's appeal lacks any arguable merit and his motion should be denied.

## Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 3, 2019.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record
    Any Unrepresented Parties