UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARREN PASCHAL,

    Plaintiff,

v.                                                      Case No. 6:18-cv-1903-Orl-37TBS

FLORIDA DEPARTMENT OF
REVENUE,

    Defendant.
_____

## ORDER

Before the Court is: (1) *pro se* Plaintiff's motion to appeal *in forma pauperis* (Doc. 46 "**IFP Motion**")); (2) U.S. Magistrate Thomas B. Smith's Report and Recommendation (Doc. 47 ("**R&R**")); and (3) Plaintiff's Response to Report and Recommendation and Request for Hearing to Determine Insolvency (Doc. 48 ("**Objection**")). On review, the Objection is overruled, the R&R adopted, and the IFP motion denied.

## I.    BACKGROUND

On March 23, 2018, Plaintiff filed this action in the U.S. District Court for the Southern District of Ohio, alleging violations of the Fourth, Fifth, Seventh, and Eighth Amendments against Defendants in relation to garnishments of Plaintiff's Veteran's Affairs ("**VA**") benefits to satisfy a child support obligation. (Doc. 2 ("**Complaint**").) On July 26, 2018, U.S. Magistrate Judge Michael J. Newman issued Plaintiff an order to show cause why the case should not be dismissed without prejudice for failure to timely serve Defendants pursuant to Federal Rule of Civil Procedure 4(m). (Doc. 4 ("**First OSC**").)

Plaintiff responded, indicating that once he became aware that service was not completed, he attempted to complete service but "could only afford to resubmit and serve one summons" and that was to the Florida Department of Revenue ("**FDOR**"). (Doc. 6.) FDOR appeared and moved to transfer the action to this Court. (Doc. 8.)

With the service issue still outstanding, the Court then issued its own order to show cause why the case should not be dismissed without prejudice as to all Defendants who had not been served pursuant to Rule 4(m). (Doc. 32 ("**Second OSC**").) Plaintiff responded, contending that he properly responded to the First OSC and successfully completed service of the Complaint, so the Second OSC was "totally unwarranted" and that it would be "humanly impossible" to satisfy the order at that point. (Doc. 35, pp. 2–3.) The Court then dismissed the case without prejudice under Federal Rule of Civil Procedure 4(m) as to all Defendants who were not served; and to the extent Plaintiff intended his response as a motion to certify an interlocutory appeal, the Court denied the motion.[1] (Doc. 39 ("**OSC Order**").) In a separate order, the Court granted FDOR's motion to dismiss with prejudice, finding Plaintiff's claims against FDOR barred by Eleventh Amendment Immunity. (Doc. 40 ("**MTD Order**").)

Plaintiff then filed a notice of appeal and amendment to his notice of appeal, both of which are unsigned. (Docs. 42, 44 (collectively "**Notice of Appeal**").) Plaintiff also filed the IFP Motion. (Doc. 46.) On referral, Magistrate Judge Smith recommends denying the

---

[1] Plaintiff's response to the Second OSC, filed twice on the docket, is entitled "Plaintiff's Response to the Courts sua sponte Order to Show Cause and Notice of Impending Interlocutory Appeal" and references filing an interlocutory appeal. (Docs. 35, 36.)

IFP Motion because the Court cannot reconcile Plaintiff's financial representations and his "appeal lacks any arguable merit." (Doc. 47, p. 4.) Now, Plaintiff filed the Objection to the R&R. (Doc. 48.)

## II.   LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III.   DISCUSSION

In the Notice of Appeal Plaintiff argues that: (1) the Court misrepresented his action, he is not suing the state; (2) the Second OSC served no purpose and required Plaintiff to carry his burden twice on the same issue; and (3) granting "forward" immunity under the Eleventh Amendment without properly construing his claims violates due process. (Docs. 42, 44.) Magistrate Jude Smith recommends denying the IFP Motion because the Court cannot reconcile Plaintiff's financial representations and his appeal lacks any arguable merit. (Doc. 47.) Specifically, Magistrate Judge Smith determined that even assuming Plaintiff demonstrated he qualified as a pauper, his appeal still lacks arguable merit because he did not assert any new facts or law in support of his arguments that were not previously considered by the Court. (*Id.* at 2–4.) In his

Objection, Plaintiff reiterates the same issues raised in his Notice of Appeal and asserts that the Court should hold a hearing to determine whether he is insolvent. (Doc. 48.)

"An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3)(italics added); *see also* Fed. R. App. P. 24(a)(3). "Whether an appeal is taken in good faith is a matter within the discretion of the trial court." *Busch v. Cty. of Volusia*, 189 F.R.D. 687, 692 (M.D. Fla. 1999) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331 (1948)). In this context, good faith must be judged by an objective standard. *Id.* at 691. A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). And a claim or argument is frivolous when it appears that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

On *de novo* review, the Court finds Plaintiff's appeal was not taken in good faith, as the issues raised are frivolous and without arguable factual or legal merit. The arguments asserted in Plaintiff's Notice of Appeal, and reiterated in his Objection, were already considered by the Court and are unsupported by new facts or legal authority. Thus, they do not compel a contrary conclusion. The Objection is overruled, the R&R is adopted in its entirety, and the IFP Motion denied.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Response to Report and Recommendation and Request for Hearing to Determine Insolvency (Doc. 48) is **OVERRULED**.

2. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 47) is **ADOPTED, CONFIRMED**, and made a part of this Order.

3. Plaintiff's motion to appeal *in forma pauperis* (Doc. 46) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 6, 2019.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Party